IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| SUFFOLK LODGING PARTNERS LLC )<br>)<br>And )<br>)<br>MASSACHUSETTS BAY INSURANCE )<br>COMPANY )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>EASTGUARD INSURANCE COMPANY )<br>)<br>Serve: EastGUARD Insurance Company )<br>    Registered Agent: CT Corporation System )<br>    4701 Cox Road, Suite 301 )<br>    Glen Allen, VA 23060 )<br>)<br>    Defendant. ) | FILED<br>OCT - 3 2012<br>CLERK, U.S. DISTRICT COURT<br>NORFOLK, VA<br><br>Case No.: 2:12cv546 |

## COMPLAINT

Plaintiffs Suffolk Lodging Partners, LLC ("SLP") and Massachusetts Bay Insurance Company ("Mass Bay"), by counsel, hereby assert their Complaint against the Defendant and states as follows:

### Jurisdiction and Parties

1. This Court has personal jurisdiction over the defendant in this case pursuant to Fed. R. Civ. P. (4)(K)(1)(A) as the defendant has engaged in transactions or business within the Commonwealth of Virginia.

2. This Court has subject matter jurisdiction over this matter under 28 U.S.C. 1332(a) because the amount in controversy exceeds $75,000 and the action is between citizens of different states.

3. Plaintiff SLP is a Virginia limited liability company with its principal place of business in Virginia.

4. Plaintiff Mass Bay is a New Hampshire corporation with its principal place of business in Massachusetts.

5. Defendant EastGUARD Insurance Company ("Guard") is a Pennsylvania corporation with its principal place of business in Pennsylvania.

### Venue

6. Venue is proper because the insurance policies at issue in this proceeding were issued and delivered to the named insureds, Landmark Hotel Group and/or Suffolk Lodging Partners, LLC ("SLP"), in Virginia Beach, Virginia and/or Suffolk, Virginia. In addition, the location of the events giving rise to this insurance coverage dispute took place in Suffolk, Virginia.

### Facts

7. This insurance coverage dispute concerns the availability of coverage under one or more liability insurance policies for claims and allegations asserted by Juquelia Bellot ("Bellot") against the Plaintiff and Defendant insurance companies' mutual insured, SLP, in a related lawsuit (the "Underlying Lawsuit"). The Underlying Lawsuit was filed in the Circuit Court for the City of Suffolk, Virginia, and is captioned *Juquelia Bellot v. Suffolk Lodging Partners, LLC*, Case No. CL11-318. A copy of the complaint filed in the Underlying Lawsuit is attached as Exhibit 1 and incorporated herein in its entirety.

8. SLP operates a hotel/motel in Suffolk, Virginia that trades as Hilton Garden Inn.

9. Bellot was previously employed as a housekeeper at the Hilton Garden Inn.

10. In the Underlying Lawsuit, Bellot alleged that, while working as a housekeeper at the Hilton Garden Inn, she was sexually assaulted by Robert Eugene Williams, another employee

at the Hilton Garden Inn. Specifically, Bellot alleged that, "on or about March 28, 2010, Robert Eugene Williams violently, and intentionally sexually assaulted the Plaintiff upon Defendant's premises while both were engaged in the employment of the Defendant." *See* Ex. 1, ¶ 8 (attached hereto).

11. In the Underlying Lawsuit, Bellot also alleged that Robert Eugene Williams was a registered sex offender prior to beginning employment with SLP, and further that SLP was negligent in hiring and in retaining Robert Eugene Williams. Ex. 1, ¶¶ 5, 11.

12. Mass Bay issued commercial lines policy no. ZDR 4908042 to Landmark Hotel Group for the period from January 16, 2010 to January 16, 2011 (the "Mass Bay Policy"). A copy of the Mass Bay Policy is attached hereto as Exhibit 2, and incorporated herein in its entirety. SLP is listed as a scheduled named insured in the Declarations of the Mass Bay Policy. The Mass Bay Policy affords general liability per occurrence limits of $1 million and aggregate limits of $2 million. The Mass Bay Policy uses basic form number CG 00 01 12 07, which provides, in relevant part, as follows:

> **SECTION 1 – COVERAGES**
>
> **COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
> > **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. . . .
>
> \* \* \*

2. **Exclusions**

This insurance does not apply to:

\* \* \*

e. **Employer's Liability**

"Bodily injury" to:

(1) An "employee" of the insured arising out of and in the course of:

(a) Employment by the insured; or

(b) Performing duties related to the conduct of the insured's business.

(2) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

\* \* \*

**SECTION IV – GENERAL LIABILITY CONDITIONS**

\* \* \*

4. **Other Insurance**
If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A and B of this Coverage Part, our obligations are limited as follows:

a. **Primary Insurance**

This insurance is primary except when Paragraph **b.** below applies. If this insurance is primary our obligations are not affected unless any other insurance is also primary. Then, we will share with all that other insurance by the method described in Paragraph **c.** below.

\* \* \*

c. **Method of Sharing**

If all other insurance permits contribution by equal shares, we will follow this method also. Under this approach, each insurer

> contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first. . . .
>
> * * *
>
> **8. Transfer Of Rights Of Recovery Against Others To Us**
>
> If the insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us. The insured must do nothing after loss to impair them. At our request, the insured will bring "suit" or transfer those rights to us and help us enforce them.
>
> **SECTION V – DEFINITIONS**
>
> * * *
>
> 5. "Employee" includes a "leased worker." "Employee" does not include a "temporary worker."
>
> * * *
>
> 19. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

Ex. 2, Policy Form CG 00 01 12 07.

13. The "employer's liability" exclusion set forth in the Mass Bay Policy unambiguously bars defense and indemnity coverage for the claims and allegations asserted against SLP in the Underlying Lawsuit.

14. Guard issued worker's compensation and employer's liability policy no. SUWC127954 to SLP for the period from January 1, 2010 to January 1, 2011 (the "Guard Policy"). The Guard Policy is attached hereto as Exhibit 3, and incorporated herein in its entirety. Part Two of the Guard Policy, Employer's Liability Insurance, affords limits of $500,000. *Id.*, Policy Form WC 000001A (Policy Information Page). The Guard Policy provides, in relevant part, as follows:

## PART TWO –
## EMPLOYERS LIABILITY INSURANCE

**A. How This Insurance Applies**

This employers liability insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.

1. The bodily injury must arise out of and in the course of the injured employee's employment by you.

\* \* \*

**B. We Will Pay**

We will pay all sums you legally must pay as damages because of bodily injury to your employees, provided the bodily injury is covered by this Employers Liability Insurance.

\* \* \*

**C. Exclusions.**

This insurance does not cover:

\* \* \*

4. any obligation imposed by a workers compensation, occupational disease, unemployment compensation, or disability benefits law, or any similar law;

\* \* \*

**D. We Will Defend**

We have the right and duty to defend, at our expense, any claim, proceeding or suit against you for damages payable by this insurance. We have the right to investigate and settle these claims, proceedings and suits.

We have no duty to defend a claim, proceeding or suit that is not covered by this insurance. We have no duty to defend or continue defending after we have paid our applicable limit of liability under this insurance.

\* \* \*

### F. Other Insurance

> We will pay no more than our share of damages and costs covered by this insurance and other insurance or self-insurance. Subject to any limits of liability that apply, all shares will be equal until the loss is paid. If any insurance or self-insurance is exhausted, the shares of all remaining insurance will be equal until the loss is paid.

Ex. 3, Policy Form WC 00 00 00 A.

15. Mass Bay defended SLP against the allegations asserted in the Underlying Lawsuit pursuant to a full and complete reservation of rights.

16. Guard disclaimed coverage to SLP under the Guard Policy for the claims and allegations asserted against SLP in the Underlying Lawsuit.

17. On August 9, 2012, a mediation was conducted concerning the claims and allegations asserted by Bellot against SLP in the Underlying Lawsuit.

18. Guard refused to meaningfully participate in the mediation.

19. Bellot's claims against SLP were settled at the mediation for $675,000 (the "Settlement Amount") in exchange for a release to SLP.

20. Mass Bay paid the Settlement Amount.

21. In consideration of Mass Bay's agreement to pay the Settlement Amount, SLP, among other things, assigned to Mass Bay all contractual, statutory and common law rights against Guard.

### COUNT I – BREACH OF CONTRACT

22. Plaintiffs reallege and reincorporate herein by reference the allegations set forth in paragraphs 1 through 21 above.

23. Guard owed a duty to defend and indemnify SLP against the allegations asserted in the Underlying Lawsuit under the terms and provisions of the Guard Policy.

24. Guard materially breached its obligation to defend and indemnify SLP by disclaiming coverage under the Guard Policy for the claims and allegations asserted in the Underlying Lawsuit.

25. Guard's refusal to defend and indemnify SLP in connection with the Underlying Lawsuit was without justification under the Guard Policy and not in good faith.

26. As a direct and proximate result of Guard's material breach of the Guard Policy, Guard is liable for damages in an amount in excess of $500,000, including the $500,000 policy limits afforded under the Guard Policy, attorney's fees incurred by or on behalf of SLP in the defense of the Underlying Lawsuit and attorney's fees incurred in connection with this action pursuant to Virginia Code § 38.2-209.

## COUNT II – SUBROGATION

27. Plaintiffs reallege and reincorporate herein by reference the allegations set forth in paragraphs 1 through 26 above.

28. Guard owed a duty to defend and indemnify SLP against the allegations asserted in the Underlying Lawsuit under the terms and provisions of the Guard Policy.

29. Guard materially breached its obligation to defend and indemnify SLP by disclaiming coverage under the Guard Policy for the claims and allegations asserted in the Underlying Lawsuit.

30. Because Guard refused to defend and indemnify SLP in connection with the Underlying Lawsuit, Mass Bay defended SLP pursuant to a reservation of rights and paid the amount of the Settlement that would have been covered under the Guard Policy had Guard honored its contractual obligations to SLP.

31. As a direct and proximate result of Guard's material breach of the Guard Policy, Guard is liable for damages in an amount in excess of $500,000, including the $500,000 policy limits afforded under the Guard Policy, attorney's fees incurred by or on behalf of SLP or Mass Bay in the defense of the Underlying Lawsuit and attorney's fees incurred in connection with this action pursuant to Virginia Code § 38.2-209.

## COUNT III – EQUITABLE INDEMNIFICATION

32. Plaintiffs reallege and reincorporate herein by reference the allegations set forth in paragraphs 1 through 31 above.

33. Mass Bay owed no obligation to defend and indemnify SLP because the employer's liability exclusion set forth in the Mass Bay Policy bars coverage for the Underlying Lawsuit.

34. Guard owed a duty to defend and indemnify SLP against the allegations asserted in the Underlying Lawsuit under the terms and provisions of the Guard Policy.

35. Guard materially breached its obligation to defend and indemnify SLP by disclaiming coverage under the Guard Policy for the claims and allegations asserted in the Underlying Lawsuit.

36. Because Guard refused to defend and indemnify SLP in connection with the Underlying Lawsuit, Mass Bay defended SLP pursuant to a reservation of rights and paid the amount of the Settlement that would have been covered under the Guard Policy had Guard honored its contractual obligations to SLP.

37. As a direct and proximate result of Guard's material breach of the Guard Policy, Guard is liable for damages in an amount in excess of $500,000, including the $500,000 policy

limits afforded under the Guard Policy and attorney's fees incurred by SLP and/or Mass Bay in the defense of the Underlying Lawsuit.

## COUNT IV – EQUITABLE CONTRIBUTION

38. Plaintiffs reallege and reincorporate herein by reference the allegations set forth in paragraphs 1 through 37 above.

39. In the alternative, to the extent that the Mass Bay Policy is deemed to afford coverage, Mass Bay is entitled to equitable contribution from Guard.

40. Guard owed a duty to defend and indemnify SLP against the allegations asserted in the Underlying Lawsuit under the terms and provisions of the Guard Policy.

41. Guard materially breached its obligation to defend and indemnify SLP by disclaiming coverage under the Guard Policy for the claims and allegations asserted in the Underlying Lawsuit.

42. Because Guard refused to defend and indemnify SLP in connection with the Underlying Lawsuit, Mass Bay defended SLP pursuant to a reservation of rights and paid the amount of the Settlement that would have been covered under the Guard Policy had Guard honored its contractual obligations to SLP.

43. Mass Bay is entitled to recover equitable contribution from Guard based upon the terms of the "other insurance" provisions set forth in the Guard and Mass Bay Policies.

44. As a direct and proximate result of Guard's material breach of the Guard Policy, Guard is liable for damages in an amount in excess of $337,500, including half of the Settlement Amount ($337,500) and attorney's fees incurred by SLP and/or Mass Bay in the defense of the Underlying Lawsuit.

WHEREFORE, Plaintiffs Suffolk Lodging Partners, LLC and Massachusetts Bay Insurance Company, respectfully request that the Court grant judgment as follows:

    a. Against EastGUARD Insurance Company and in favor of Plaintiffs for breach of contract in an amount not less than $500,000, including all reasonable attorney's fees, costs and expenses incurred to defend the Underlying Lawsuit and all reasonable attorney's fees, costs and expenses as provided for by Virginia Code § 38.2-209.

    b. Against EastGUARD Insurance Company and in favor of Massachusetts Bay Insurance Company for subrogation in an amount not less than $500,000, including all reasonable attorney's fees, costs and expenses incurred to defend the Underlying Lawsuit and all reasonable attorney's fees, costs and expenses as provided for by Virginia Code § 38.2-209.

    c. Against EastGUARD Insurance Company and in favor of Massachusetts Bay Insurance Company for equitable indemnification in an amount not less than $500,000, including all reasonable attorney's fees, costs and expenses incurred to defend the Underlying Lawsuit.

    d. Alternatively, against EastGUARD Insurance Company and in favor of Massachusetts Bay Insurance Company for equitable contribution in an amount not less than $337,500, including all reasonable attorney's fees, costs and expenses incurred to defend the Underlying Lawsuit.

    e. For such other relief that this Court finds warranted, just, necessary and proper under the circumstances.

Dated: October 2, 2012                    Respectfully submitted,

_____
Thomas S. Garrett
VSB No. 73790
Attorney for Suffolk Lodging Partners, LLC and
Massachusetts Bay Insurance Company
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
(804) 747-5200
(804) 747-6085 – facsimile
tgarrett@hccw.com